782 So.2d 651 (2001)
Delores ANTOINE
v.
CHRYSLER FINANCIAL CORPORATION.
No. 2000-CA-0647.
Court of Appeal of Louisiana, Fourth Circuit.
March 7, 2001.
Carolyn O. Bryant, Trevor G. Bryan, Bryan & Jupiter, New Orleans, LA, Counsel for Plaintiff/Appellant.
Stephanie M. Sisson, Rudy J. Cerone, McGlinchey Stafford, New Orleans, LA, Counsel for Defendant/Appellee.
*652 Court composed of Chief Judge BYRNES, Judge JONES and Judge BAGNERIS.
JONES, Judge.
Plaintiff/Appellant, Delores Antoine, appeals the judgment of the district court dismissing her claim for damages and wrongful seizure of personal property by upholding Chrysler Financial Corporation's exceptions of no cause of action and res judicata. Following a review of the record, we affirm.

FACTS AND PROCEDURAL HISTORY
In September 1995, Ms. Delores Antoine purchased a vehicle financed through Chrysler Financial Corporation (hereinafter "CFC"). Ms. Antoine defaulted on the loan and CFC filed a Petition for Executory Process on October 31, 1996. On November 5, 1996, the district court issued writs of executory process and sale and seizure. On November 13, 1996, the Sheriff seized the vehicle. The next day, both parties took action. CFC filed an Amending and Supplemental Opinion requesting the balance owed minus amounts received subsequent to the institution of the executory process. Ms. Antoine filed for bankruptcy under Chapter 13 of the Bankruptcy Act. The bankruptcy court issued a stay of proceedings. On November 15, 1996, CFC requested that the sheriff release the vehicle, and the sheriff complied on December 2, 1996. Ms. Antoine discovered damage to her car while in the custody of the towing company. On November 6, 1997, Ms. Antoine filed a Petition for Damages for Wrongful Seizure of Personal Property. CFC filed exceptions of no cause of action and res judicata on January 12, 1998. On April 26, 1999, Ms. Antoine filed for dismissal of the exceptions. On August 2, 1999, the district court dismissed the Petition for Damages and Wrongful Seizure of Personal Property and sustained the peremptory exceptions of no cause of action and res judicata. Ms. Antoine appeals the district court's judgment.

NO CAUSE OF ACTION
Ms. Antoine argued that, regardless of what occurred during the executory process, she had a valid cause of action for the wrongful seizure of personal property because she brought her claim within a year of the seizure or knowledge of the harm. In response, CFC argued that there could not have been a wrongful seizure, because the seizure occurred as a result of CFC executing a right to file for executory process upon default by the debtor.
A separate cause of action for damages could have arisen provided that executory process was improper. Ms. Antoine does not suggest that their was anything objectionable to the executory proceedings. Further, the law specifies particular ways in which to object to executory process. Article 2642 of the Louisiana Code of Civil Procedure specifies that "[d]efenses and procedural objections to an executory proceeding may be asserted either through an injunction proceeding to arrest the seizure and sale as provided in Articles 2751 through 2754, or a suspensive appeal from the order directing the issuance of the writ of seizure and sale, or both". Therefore, the Appellant has two options when seeking to object to an executory proceeding. The first option is to file a Petition of Injunction "when the debt...is extinguished, or is legally unenforceable, or if the procedure required by law for an executory proceeding has not been followed." La. C.C.P. art. 2751. Further, "[t]he petition for injunction shall be filed in the court where the executory proceeding is pending, either in the executory proceeding or in a separate suit". The second option is to file a suspensive appeal. A *653 suspensive appeal from an order of seizure and sale "shall be taken within fifteen days of the signing of the order." La. C.C.P. art. 2642. It is binding precedent in this Circuit that "all defenses and procedural objections to an executory process proceeding are waived if the debtor allows the seizure and sale to proceed uncontested by either a suit for injunction or suspensive appeal," Plumbing Supply House, Inc. v. Century National Bank, 440 So.2d 173, 177 (La.App. 4th Cir.1983), writ denied, 444 So.2d 1226 (La.1984), quoting, Reed v. Meaux, 292 So.2d 557 (La.1973).
Ms. Antoine did not exercise either option. First, she chose not to exercise her right to seek an injunction of the seizure of the motor vehicle. Moreover, she filed no suspensive appeal. Her efforts to challenge the propriety of the executory proceeding leading to the seizure of the motor vehicle are clearly untimely; a suspensive appeal should have been filed within fifteen days of the judgment on November 5, 1996. However untimely, the only action Ms. Antoine took during that time was to file for bankruptcy under Chapter 13 of the Bankruptcy Act. Filing for bankruptcy is not one of the prescribed methods of contesting executory process under Louisiana Code of Civil Procedure article 2642, and is therefore an insufficient means of protesting against the executory proceeding. She did not attempt to take any relevant action in this case until she filed the Petition for Damages for Wrongful Seizure of Personal Property a year later on November 6, 1997. The filing of this Petition was inappropriate and well after the time limits permitted under Louisiana Code of Civil Procedure art. 2642 and related articles. Because Ms. Antoine filed neither an injunction nor a suspensive appeal of the Order of Executory Process, she cannot get beyond our precedent in Plumbing Supply House. Rather, she plainly has waived her objections to the propriety of the executory process.

RES JUDICATA
Ms. Antoine argues that she did not have to respond in accordance with the guidelines set forth under La. C.C.P. art. 2642 because of the bankruptcy stay order. CFC, however, contends that her failure to follow the procedure set forth in La. C.C.P. art. 2642 produced a res judicata effect precluding her from bringing the subsequent action for damages for wrongful seizure.
The Doctrine of Res Judicata in pertinent part states:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent: ... (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action. La. R.S. 13:4231(2).
As previously stated, filing for bankruptcy resulting in the stay order is an insufficient means of protesting the executory process. Only exercising remedy under La. C.C.P. art. 2642 would have given Mr. Antoine the opportunity to address her issues prior to the Order of Executory Process becoming final. We agree with the district court which found the Order of Executory Process, signed more than a year before the petition was filed, is final and nonappealable. Therefore, the Doctrine of Res Judicata was activated and Mr. Antoine was precluded from bringing her claim for damages as a result of the seizure.

*654 DECREE

For the foregoing reasons, we hereby affirm the judgment of the district court.
AFFIRMED.