CARTER, C.J.
 

 |2Plaintiff appeals a trial court judgment sustaining a peremptory exception raising the objection of prescription and dismissing plaintiffs declaratory action with prejudice. For the following reasons, we affirm.
 

 FACTUAL AND PROCEDURAL HISTORY
 

 The record establishes that on October 6, 2006, West Baton Rouge Credit, Inc. (WBR Credit) filed a petition for executory process against Margaret Watson and plaintiff, Halimah Knox in rem only, who were co-owners of immovable property located in Port Allen, Louisiana (the property).
 
 [1]
 
 The petition for executory process alleged that Margaret Watson was indebted to WBR Credit for $2,018.62, plus interest, arising out of a December 17, 2003 final judgment that had been rendered against her after she defaulted on a loan. The petition further alleged that the indebtedness was secured by an April 3, 2001 collateral mortgage and mortgage note confessing judgment that had been previously granted on the property by Margaret Watson and plaintiff in favor of WBR Credit.
 

 The trial court ordered the issuance of a writ of seizure and sale of the property to the City Marshall for Port Allen on October 6, 2006. On November 14, 2006, plaintiff was personally served'with notice of the seizure and sale by virtue of the execu-tory process that had been issued by the trial court. To satisfy the 2003 judgment, the City Marshall sold the property by auction on December 27, 2006, to Joel A. Gordon, Sr. for $16,666.66, after complying with all legal requisites. Thereafter, the inscriptions for the collateral mortgage, the 2003 judgment, and the notice of | gseizure were all cancelled from the West Baton Rouge public records. Subsequently, the City Marshall issued a check made payable to Margaret Watson and plaintiff on January 3, 2007, in the amount of $9,537.29, representing the excess proceeds from the sale after WBR Credit’s judgment was satisfied and interest and costs were paid.
 

 On January 9, 2008, plaintiff filed a petition for declaratory judgment against WBR Credit in a separate suit, requesting that the trial court declare: (1) the April 3, 2001 collateral mortgage and mortgage note absolutely null; (2) the seizure of plaintiffs interest in 'the property unlawful; (3) informalities existed in the seizure
 
 *1023
 
 and sale of the property; and (4) plaintiffs entitlement to records of all her loans with WBR Credit. In an amended and supplemental petition, plaintiff further alleged that the seizure and sale of the property were unlawful because her signature was forged on the collateral mortgage and mortgage note, rendering them absolutely null. WBR Credit responded to plaintiffs petition by filing a peremptory exception raising the objections of no right of action, no cause of action, res judicata, and prescription.
 
 [2]
 
 The trial court heard argument on the exceptions on January 29, 2008, and then orally ruled that:
 

 [Plaintiff] had notice of everything as of November [14], 2006. If she had felt that [the] mortgage was forged, that was the time for her to come in and say.... [A]nd then she got the check January 3, 2007, for the excess [from the judicial sale.] Now more than a year later she is coming back, after she has gotten the proceeds, after the sale has gone on, saying Wait I don’t think that was my signature on that’. I find it totally untimely. As far as I think her rights, she should have brought it at the time of the seizure. Even if it had a nullity ... had it been ... forged, her time for doing that is over.... This matter is dismissed as being ... untimely.
 

 |4A judgment sustaining WBR Credit’s exception of prescription and dismissing plaintiffs declaratory action with prejudice was signed on January 30, 2008. Plaintiffs appeal followed.
 

 LAW AND ANALYSIS
 

 In her petition for declaratory judgment, plaintiff generally challenges the validity of the collateral mortgage and mortgage note, as well as the executory process procedure. Plaintiff argues on appeal that the trial court erred in finding her declaratory action had prescribed. Because evidence was introduced at the hearing on the peremptory exception objection to prescription, the trial court’s findings are reviewed under the manifest error-clearly wrong standard of review,
 
 Stobart v. State through Dept. of Transp. and Development,
 
 617 So.2d 880, 882 (La.1993);
 
 Babineaux v. State ex rel. Dept. of Transp. and Development,
 
 04-2649 (La.App. 1 Cir. 12/22/05), 927 So.2d 1121, 1123.
 

 The right to seek a declaratory judgment does not itself prescribe. However, the nature of the basic underlying action determines the appropriate prescriptive period. This is because prescription is an issue regarding a plaintiffs standing to seek the declaratory judgment.
 
 Fishbein v. State ex rel. Louisiana State University Health Sciences Center,
 
 04-2482 (La.4/12/05), 898 So.2d 1260, 1265;
 
 Church Point Wholesale Beverage Co., Inc. v. Tarver,
 
 92-2658 (La.2/22/93), 614 So.2d 697, 708. This case involves plaintiffs basic allegation that the collateral mortgage and mortgage note were forged and, therefore, could not be used to secure the judgment that resulted in the executory process procedure whereby the property was seized and sold.
 

 |,-,Generally, a debtor has two legal options available for raising objections to an executory proceeding
 
 before
 
 the property is sold to a third party. The first option is to file a petition for injunction in the court where the executory proceeding is pending, either in the executory proceeding or in a separate suit, “when the debt secured by the ... mortgage ... is extinguished, or is legally unenforceable, or if the procedure required by law for an executory proceeding has not been followed.” LSA-
 
 *1024
 
 C.C.P. art. 2751. The second option is for the debtor to file a suspensive appeal from the order of seizure and sale. The suspen-sive appeal must be taken within fifteen days of the signing of the order directing the issuance of a writ of seizure and sale. LSA-C.C.P. art. 2642;
 
 Antoine v. Chrysler Financial Corp.,
 
 00-0647 (La.App. 4 Cir. 3/7/01), 782 So.2d 651, 652-658.
 

 If a debtor allows the seizure and sale to a third person to proceed uncontested without filing a suit for injunction or a suspensive appeal, all defenses and procedural objections to the sale are waived, unless the property is sold and remains in the hands of the foreclosing creditor.
 
 See Reed v. Meaux,
 
 292 So.2d 557, 560 (La.1973);
 
 Williams v. First Heritage Credit of LA, LLC,
 
 06-1066 (La.App. 1 Cir. 3/23/07)(unpublished), 953 So.2d 205 (table),
 
 writ denied,
 
 07-0982 (La.6/22/07), 959 So.2d 511;
 
 Powell v. Carter,
 
 233 So.2d 369, 374 (La.App. 1 Cir.),
 
 writ refused,
 
 256 La. 269, 236 So.2d 37 (1970);
 
 American Thrift & Finance Plan, Inc. v. Richardson,
 
 07-640 (La.App. 5 Cir. 1/22/08), 977 So.2d 105, 108;
 
 Antoine,
 
 782 So.2d at 653. This case involves a sale to a good faith third-party purchaser, not the creditor. Plaintiff did not exercise any option to stop or annul the sale; therefore, she has waived all defenses and procedural | [¡objections to the sale that she may have brought in the executory process proceeding.
 

 Instead, plaintiff brought a separate suit to request a declaration that the April 3, 2001 collateral mortgage and mortgage note were null and void due to an alleged forgery. Thus, plaintiff is attempting to attack the December 17, 2003 final judgment rendered against the property’s co-owner by alleging that her signature was forged on the April 3, 2001 collateral mortgage and note used to secure the debt for which the executory process was initiated. Defects in the executory proceeding that amount to fraud or ill practice may be raised for the first time in an action to annul a judgment.
 
 Slidell Bldg. Supply, Inc. v. I.D.S. Mortg. Corp.,
 
 273 So.2d 343, 347 (La.App. 1 Cir.1972),
 
 writ denied,
 
 274 So.2d 708 (La.1973).
 

 Judgments can be attacked at any time on the grounds that they are absolutely null under the exclusive provisions of LSA-C.C.P. art.2002 (vices of form that sound of due process violations), or relatively null as provided by LSA-C.C.P. art.2004 (vices of substance that sound in fraud or ill practice).
 
 See Roach v. Pearl,
 
 95-1573 (La.App. 1 Cir. 5/10/96), 673 So.2d 691, 693;
 
 Bernard v. Fireside Commercial Life Ins. Co.,
 
 92-0237 (La.App. 1 Cir. 11/24/93), 633 So.2d 177, 184,
 
 writ denied,
 
 93-3170 (La.3/11/94), 634 So.2d 839;
 
 Bankers Ins. Co. v. State,
 
 37,-080 (La.App. 2 Cir. 4/11/03), 843 So.2d 641, 644-645,
 
 writ denied,
 
 03-1240 (La.6/27/03), 847 So.2d 1268. An alleged forgery has an element of fraud, and is thus a vice of substance that is grounds for a relative nullity.
 
 See Baptiste v. Shuler,
 
 01-1127 (La.App. 3 Cir. 3/6/02), 809 So.2d 1210, 1215,
 
 writ denied,
 
 02-0989 (La.6/7/02), 818 So.2d 770. Therefore, plaintiffs declaratory action attacking the judgment supporting the executory process must be brought 17within one year of the discovery of the fraud or ill practice. LSA-C.C.P. art. 2004 B.
 

 When plaintiff was personally served with notice of the seizure and sale of the property on November 14, 2006, she knew or should have known at that point that something was wrong. The notice of seizure and sale clearly referenced the ex-ecutory process proceeding brought by WBR Credit against plaintiff and Margaret Watson and it contained a legal description of the property. Although she received the notice, plaintiff did not at
 
 *1025
 
 tempt to stop the seizure and sale of the property for any reason. And plaintiff did not allege fraud or forgery on any of the documents supporting the executory process until January 9, 2008, over one year after she had received notice of the seizure and sale, the sale was completed to a good faith third-party purchaser, the mortgage had been cancelled, and the extra proceeds had been issued to her and Margaret Watson.
 

 The time limitation in LSA-C.C.P. art.2004 is actually a peremptive period, not a prescriptive one. However, the analysis and the principles of the discovery rule are the same.
 
 Ellison v. Ellison,
 
 06-0944 (LaApp. 1 Cir. 3/23/07), 960 So.2d 155, 157, n. 1. The jurisprudence of this state has consistently held that the one-year peremptive period in LSA-C.C.P. art. 2004 begins to run on the date that the injured party discovers, or should have discovered through the exercise of reasonable diligence, information on which a cause of action might be based. Whenever there is notice enough to excite attention, put a person on guard, or suggest further investigation, this is tantamount to knowledge or notice of everything to which a reasonable inquiry may lead.
 
 Ellison,
 
 960 So.2d at 157;
 
 Campo v. Correa,
 
 01-2707 (La.6/21/02), 828 So.2d 502, 510-511;
 
 Dau-zat,
 
 710 So.2d at 1090-1091;
 
 Kambitsis v. Sehwegmann Giant Supermarkets, Inc.,
 
 95-478 (La.App. 5 Cir. 11/15/95), 665 So.2d 500, 502,
 
 writ denied,
 
 95-3016 (La.2/9/96), 667 So.2d 540,
 
 cert. denied,
 
 519 U.S. 907, 117 S.Ct. 268, 136 L.Ed.2d 191 (1996). The trial court correctly concluded that information such as personal notice of a seizure and sale of property is sufficient to start the running of the one-year time period. Therefore, plaintiffs claim to annul the judgment supporting the executory process based upon an alleged forgery is untimely. We find no manifest error in the trial court’s judgment dismissing plaintiffs claim.
 
 [3]
 

 CONCLUSION
 

 After a thorough review of the pleadings and the record in this matter, we affirm the trial court’s judgment dismissing plaintiffs suit with prejudice. Costs of this appeal are assessed to plaintiff/appellant, Halimah Knox.
 

 AFFIRMED.
 

 [1]
 

 . Plaintiff is sometimes referred to in the record as “Haliman Knox."
 

 [2]
 

 . In the same filing, WBR Credit brought a dilatory exception raising the objection of vagueness of the petition; however, that exception is not relevant to this appeal.
 

 [3]
 

 . We expressly note that we affirm the trial court’s judgment only insofar as it relates to the determination that plaintiff lacked standing to seek the declaratory judgment because her attack on the judgment supporting the executory process leading to the seizure and sale of the property was untimely.
 
 See Church Point Wholesale Beverage,
 
 614 So.2d at 708.