EDWIN A. LOMBARD, Judge.
1 ,The Appellant/plaintiff in reconvention, Gwenonia Lewis Thomas, seeks review of the judgment of the district court granting the exceptions of res judicata and improper “accumulation”[1] of actions of the Appel-lee/defendant in reconvention, Countrywide Home Loans Servicing, LP. For the reasons that follow, the judgment of the district court is affirmed.
On April 8, 2009, Countrywide Home Loan Servicing, LP (“Countrywide”) filed its petition for executory process in the district court, which signed the order thereby issuing a writ of seizure and sale of the Orleans Parish property of Gweno-nia Lewis Thomas (“Ms. Thomas”). Thereafter, the Orleans Parish Sheriff sold the property to Countrywide for $83,334.00 on May 19, 2011.
On July 15, 2011, Ms. Thomas filed her “Reconventional Demand for an Order Suspending the Eviction Order and/or Preliminary Injunction and/or Permanent Injunction and/or for Damages and/or for the Return of the Seized Property.” The trial coui't granted Ms. Thomas a preliminary default on December 1, 2011; however, it was never confirmed.
| ^Subsequently on February 16, 2012, Countrywide filed exceptions of res judica-ta and improper “accumulation” of actions, which the trial court set for hearing on May 11, 2012. On March 18, 2012, Ms. Thomas filed a Chapter 13 bankruptcy petition in U.S. Bankruptcy Court, Eastern District of Louisiana, case number 12-10669. The automatic stay pursuant to 11 U.S.C. § 362 was terminated on April 19, 2012. Thereafter, at the May 11, 2012 hearing, the district court granted the exceptions of res judicata and improper accumulation of actions and dismissed with prejudice Ms. Thomas’ reconventional demand.[2]
*357 This timely appeal of Ms. Thomas followed, and she raises six (6) assignments of error:
1. Whether res judicata exception applies to an order of seizure and sale in executory process proceedings;
2. Whether the dilatory exception of improper “accumulation” of action applies after the order of seizure and sale was signed;
3. Whether the trial court should have, at least, given the reconventional demand a new number;
4. Whether the filing of Thomas’ bankruptcy petition stay order cancelled all other orders taken by Countrywide;
5. Whether the reasons for judgment can enlarge the judgment; and
6. Whether the trial court’s judgment does substantial justice.
13Although Ms. Thomas cites six (6) assignments of error, we find that a discussion of the trial court’s ruling on the exception of res judicata to be dispositive of this appeal. Furthermore, we note that assignments of errors three (3), four (4) and six (6) were not briefed by Ms. Thomas; thus, they are deemed abandoned under Uniform Rules-Courts of Appeal, Rule 2-12.4. See Burnett v. Lewis, 02-0020, p. 6 (La.App. 4 Cir. 7/9/03), 852 So.2d 519, 525.
Standard of Review
We review factual issues relating to an exception of res judicata on a manifest error/clearly wrong basis; however, we review legal issues relating to res judicata under a de novo standard of review. See Sutter v. Dane Investments, Inc., 07-1268, p. 3 (La.App. 4 Cir. 6/04/08), 985 So.2d 1263, 1265; Landry v. Town of Livingston Police Dept., 10-0673, p. 5 (La.App. 1 Cir. 12/22/10), 54 So.3d 772, 776; Thompson v. Jackson Parish Police Investments, Inc., 36,497, p. 11 (La.App. 2 Cir. 10/23/02), 830 So.2d 505, 512; Alford v. Al Copeland Investments, Inc., 34, 808, p. 6 (La.App. 2 Cir. 6/20/01), 794 So.2d 52, 56; Mendonca v. Tidewater, Inc., 11-0318, p. 3 (La.App. 4 Cir. 9/7/11), 73 So.3d 407, 410.

Res Judicata and Executory Proceedings

We note that La.Rev.Stat. 13:4231, entitled Res judicata, provides in pertinent part:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
14(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
Additionally, with regard to executory proceedings, La.Code Civ. Proc. art. 2361, entitled Use of executory proceedings, provides:
*358 Executory proceedings are those which are used to effect the seizure and sale of property, without previous citation and judgment, to enforce a mortgage or privilege thereon evidenced by an authentic act importing a confession of judgment, and in other cases allowed by law. [Emphasis added.]
In the instant matter, Ms. Thomas argues that Countrywide and the trial court erroneously relied on a First Circuit opinion, Avery v. CitiMortgage, Inc., 08-2052 (La.App. 1 Cir. 5/13/09), 15 So.3d 240, in determining that there was an executory process “judgment” to which the doctrine of res judicata was applicable. The crux of Ms. Thomas’ argument is that an order of seizure and sale is not a judgment; thus, an exception of res judicata is not applicable.
Ms. Thomas argues that La.Code Civ. Proc. art. 2631 declares that executory proceedings are used “without prior citation and judgment.” She contends that when a petition for executory process is filed, citation is not served on the debtor. She contends that even if a judgment did exist, it would be invalid because there is not citation and service of the petition on the debtor before the order of seizure and sale was signed and thus, the seizure is unconstitutional.
Ms. Thomas further argues that there are cases from the Louisiana Supreme Court, Mitchell v. Logan, 34 La.Ann. 998, 1882 WL 8957 (1882), and Lacour Plantation Co. v. Jewell, 186 La. 1055, 173 So. 761 (1937), which hold that an |5order of seizure and sale cannot support an exception of res judicata. She also argues that the U.S. Supreme Court refused jurisdiction of a Louisiana appeal because it held that an order of seizure and sale is not a judgment in Fleitas v. Richardson, 147 U.S. 538, 545, 13 S.Ct. 429, 432, 37 L.Ed. 272 (1893).[3]
Albeit Ms. Thomas contests whether an order of seizure and sale is indeed a judgment, we find that Louisiana courts have treated orders of seizure and sale as judgments for res judicata purposes. See Bickham Motors, Inc. v. Crain, 185 So.2d 271 (La.App. 1 Cir.1966), and Antoine v. Chrysler Fin. Corp., 00-0647 (La.App. 4 Cir. 3/7/01), 782 So.2d 651.
Additionally, we find that Ms. Thomas’ reliance on La.Code Civ. Proc. art 2631 to assert that an order of seizure and sale is not a judgment is misplaced because the article only explains when executory proceedings are appropriate. In the instant matter, there was no prior citation and judgment executed before the executory proceedings in this matter commenced. Also, pursuant to articles 2631 and 2632,[4] Countrywide was acting to enforce a mortgage evidenced by an authentic act importing a confession of judgment. Indeed, paragraph 23 of the Act of Mortgage states:
For the purposes of foreclosure under executory process procedures, Borrower confesses judgment and acknowledges to be indebted to Lender for all sums secured by this Security Instrument, in principal, interest, |6costs, expenses, at *359 torneys’ fees and other fees and charges. [Emphasis added.]
Regarding Ms. Thomas argument that the Louisiana Supreme Court has not recognized that an order of seizure and sale to be a judgment, we note that the First Circuit in Regions Bank v. Rauch, 12-0232 (La.App. 1 Cir. 12/21/12), 2012 WL 6677790 (unpub.)[5], addressed the issue of whether the holdings in Mitchell and Lac-our Plantation continue to have bearing on the application of the doctrine of res judicata in executory proceedings. The Court explained why the appellant’s reliance upon these older Supreme Court opinions is unfounded:
Ms. Rauch [the appellant] uses a couple of antiquated Louisiana Supreme Court cases as support for her argument that an order of seizure and sale cannot support a plea of res judicata. See J.H. Mitchell v. S. Logan, 34 La.Ann. 998, 1882 WL 8957 (La.1882), see also Lac-our Plantation Co. v. Jewell, 186 La. 1055, 173 So. 761 (La.1937). Ms. Rauch states in her brief that Avery v. Citi-Mortgage does not follow the ruling of these cases. However, in the somewhat more recent Louisiana Supreme Court case of Reed v. Meaux, 292 So.2d 557 (La.1974), the supreme court aptly describes the uniquely Louisianain [sic] concept of executory process as “an In rem action derived from the civil law; it provides a simple, expeditious, and inexpensive procedure by which creditors may seize and sell property upon which they enjoy a mortgage or privilege.” Reed, at 559. The plaintiff must present evidence to prove the secured obligation and the mortgage importing a confession of judgment, while the defendant may raise defenses and procedural objections either by suspensive appeal or injunction. Id, at 559-60. The proceeding is regarded as a harsh remedy, and the creditor must strictly comply with the letter of the law. Id, at 560.
Reed, however, does not definitively answer whether or not a judgment per se is rendered through executory process. That issue is addressed directly by the First Circuit in Avery v. Citi-Mortgage, which tailored the elements of res judicata to executory process. Louisiana Revised Statutes 13:4231 provides a broad application of |7res judicata; the púrpose is to foster judicial efficiency and protect the defendants from multiple lawsuits. Avery at 243. To dismiss an action on the basis of res judicata, a court must find: (1) the judgment in the executory process lawsuit is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the present suit existed at the time of the final judgment; and (5) the cause or causes of action asserted in the present petition arose out of the transaction or occurrence that was the subject matter of the executory process lawsuit. [Emphasis added].
Id., 12-0232, p. 3.
We too find that Avery is controlling as to the application of res judicata in an executory action. In applying the Avery factors to the matter sub judice, we first examine whether the executory process judgment is valid. We note that the order of seizure and sale at issue was filed in the trial court on April 8, 2009, and signed by the trial court on that same date. The order of seizure and sale directed that Ms. Thomas be served at the address of the seized property. Regarding the second factor, the 2009 judgment of the trial court is final and was never appealed by Ms. Thomas. We further note that Ms. Thomas did not file an injunction to arrest the *360 seizure and sale pursuant to La.Code Civ. Proc. arts. 2642[6], and 2751 through 2754. Indeed, she filed her reconventional demand over two (2) years after the |sorder of seizure and sale was signed by the trial court. Thirdly, the parties to both the order and Ms. Thomas’ reconventional demand are identical. Fourth, the causes of action for Ms. Thomas’ eviction, preliminary and permanent injunction and the return of her home existed at the time of the executory process. Lastly, those causes of action arose out of the same occurrence, which was the default on the loan from Countrywide to Ms. Thomas.
Considering that the five-prong test of Avery is met, we find that res judicata does bar the actions of Ms. Thomas seeking the suspension of her eviction, preliminary and permanent injunctions and the return of the seized property.
We further note that within Ms. Thomas’ reconventional demand she pleaded that Countrywide failed to follow the laws governing executory proceedings, and that the alleged procedural violations led to the illegal seizure of her home. This is a procedural objection to the executory action. Louisiana Revised Statute 13:4112, entitled Actions to set aside or annul judicial sales in executory proceedings, provides in pertinent part:
No action may be instituted to set aside or annul the judicial sale of immovable property by executory process by reason of any objection to form or procedure in
the executory proceedings, or by reason of the lack of authentic evidence to support the order and seizure, where the sheriff executing the foreclosure has either filed the proces verbal of the sale or filed the sale for recordation in the conveyance records of the parish.... Nothing herein shall be construed to affect legal defenses otherwise available to any person against whom a deficiency judgment is sought after the public sale of immovable property through executo-ry proceedings. [Emphasis added.]
The record indicates that the Orleans Parish Sheriff filed the sale for recordation in June 2011. Therefore, Ms. Thomas’ reconventional demand was untimely when it was filed on July 15, 2011, pursuant to La.Rev.Stat. 13:4112.
| ^Additionally, we recognize that Ms. Thomas also raises the argument that her claim for damages contained within her reconventional demand is not barred by res judicata. Ms. Thomas points to paragraphs 20 and 42 of her reconventional demand petition wherein she pleaded she is due “actual damages” and “attorneys fees,” pursuant to La. C.C. arts. 2315,1953 and 1958, because the proximate cause of her damage was the illegal use by Countrywide of Executory Process that caused the illegal sale of her property.
We explained in Antoine, supra, that where an order of executory process has become final and nonappealable, the *361 doctrine of res judicata is applicable and precludes recovery of damages for wrongful seizure of property. 00-0647, pp. 4-5, 782 So.2d at 658. As previously discussed, the judgment at issue has become final; thus, we find that Ms. Thomas claim for damages is also barred by res judicata.
Lastly, we pretermit a discussion of the exception of the improper “accumulation” of actions as our sustaining the exception of res judicata is dispositive of this matter.
Conclusion
For the foregoing reasons, the judgment of the trial court granting the exception of res judicata is affirmed.
AFFIRMED.

. Although Countrywide Home Loans Servicing, LP, filed an exception of improper "accumulation” of actions, which the district court granted, we note that pursuant to La.Code Civ. Proc. art. 926(A)(7) the proper title of this exception is an improper cumulation of actions.

. The transcript of the May 11, 2012 hearing reveals that neither Ms. Thomas nor her counsel appeared at the hearing. Counsel for *357 Ms. Thomas represented to Counsel for Countrywide, by telephone that day, that he did not need to appear in the trial court because he "filed a bankruptcy” and the matter was now in federal court. Counsel for Countrywide informed the trial court that he had obtained an "Order of Relief from Stay” from the U.S. Bankruptcy Court, Eastern District of Louisiana, which was admitted into evidence as exhibit A. Exhibit A indicates that the current owner of the seized property is Federal National Mortgage Association.

. We note that Mitchell, LaCour and Fleitas were decided under the Louisiana Code of Practice (1870), which has been supplanted and superseded by the Louisiana Code of Civil Procedure. Thus, these cases do not provide viable jurisprudence and are not applicable.

. La.Code Civ. Proc. art. 2632 provides:
An act evidencing a mortgage or privilege imports a confession of judgment when the obligor therein acknowledges the obligation secured thereby, whether then existing or to arise thereafter, and confesses judgment thereon if the obligation is not paid at maturity.

. See. La.Code Civ. Proc. art. 2168.

. La.Code Civ. Proc. art. 2642, entitled Assertion of defenses; appeal, states:
Defenses and procedural objections to an executory proceeding may be asserted either through an injunction proceeding to arrest the seizure and sale as provided in Articles 2751 through 2754, or a suspensive appeal from the order directing the issuance of the writ of seizure and sale, or both. A suspensive appeal from an order directing the issuance of a writ of seizure and sale shall be taken within fifteen days of the signing of the order. The appeal is governed by the provisions of Articles 2081 through 2086, 2088 through 2122, and 2124 through 2167, except that the security therefor shall be for an amount exceeding by one-half the balance due on the debt secured by the mortgage or privilege sought to be enforced, including principal, interest to date of the order of appeal, and attorney’s fee, but exclusive of court costs.