| | | |
|---|---|---|
| **GREGORY SWAFFORD FAMILY TRUST** | * | **NO. 2021-CA-0200** |
| | * | **COURT OF APPEAL** |
| **VERSUS** | | |
| | * | **FOURTH CIRCUIT** |
| **GRAYSTAR MORTGAGE, LLC, JB 430 HOLDINGS LLC, AND THE HONORABLE MARLIN H. GUSMAN IN THIS OFFICIAL CAPACITY AS THE ORLEANS PARISH SHERIFF** | * | **STATE OF LOUISIANA** |
| | * | |
| | * | |

******* * * * * * * *

**LEDET, J., CONCURS WITH REASONS**

Although I agree with the finding that the trial court's judgment sustaining the peremptory exception of res judicata should be affirmed, I would reach that result for different reasons.

The Gregory Swafford Family Trust's ("Swafford") appeal is taken from the trial court's September 8, 2020 judgment, which included the ruling sustaining the peremptory exception of res judicata filed by Graystar Mortgage, LLC ("Graystar") and dismissing Swafford's petition for injunctive relief. This is a final, appealable judgment. *See* La. C.C.P. art. 1915(A)(1); *see also White v. Cox Operating, LLC*, 16-0901, pp. 3-4 (La. App. 4 Cir. 4/5/17), 229 So.3d 534, 537-38 (observing that a judgment granting a defendant's exception of res judicata and dismissing a plaintiff's claims is a final, appealable judgment, notwithstanding a pending reconventional demand). Swafford's filing of a supervisory writ application neither forestalled the finality of the trial court's judgment nor postponed the deadline to file a motion for appeal.[1] *See Johnson v. Montero,* 17-0274, p. 1 (La. App. 4 Cir. 3/29/17), 215 So. 3d 479, 481 (observing that the

_____

[1] Moreover, given the time-sensitive nature of the trial court's interlocutory rulings at issue, it was appropriate for Swafford to seek more expedient review by a supervisory writ application. The trial court's interlocutory rulings ordered that Swafford permit inspection of the subject property and vacate it within one week of the trial court's ruling. Any complaints as to these orders would become moot by the time Swafford's appeal was submitted.

1

appellate court had jurisdiction over trial court's judgment despite a pending supervisory writ application seeking review of same judgment). I would find that Swafford filed a timely motion for appeal of the trial court's judgment and would reach the substantive merits of this appeal.

Turning to the merits of this appeal, I would find no error in the trial court's judgment sustaining Graystar's peremptory exception of res judicata. In *Countrywide Home Loans Servicing, LP v. Thomas*, 12-1304 (La. App. 4 Cir. 3/20/13), 113 So.3d 355, this court set forth the following elements necessary to dismiss an action on the basis of res judicata:

> (1) the judgment in the executory process lawsuit is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the present suit existed at the time of the final judgment; and (5) the cause or causes of action asserted in the present petition arose out of the transaction or occurrence that was the subject matter of the executory process lawsuit.

*Id.*, 12-1304, p. 7, 113 So.3d at 359 (quoting *Regions Bank v. Rauch*, 12-0232, p. 3 (La. App. 1 Cir. 12/21/12), 2012 WL 6677790 (*unpub.*)).

Swafford only disputes the existence of the second of these foregoing elements. Swafford argues that the judgment in the executory process lawsuit is not final, because he pursued an unsuccessful injunction of the seizure and sale and an appeal of the order of seizure and sale, which was dismissed as abandoned. In support, Swafford points to *dicta* in *Countrywide Home Loans*, in which the court, in its conclusion that the order of seizure and sale was a final judgment, observed that the debtor had neither appealed the order nor filed an injunction to arrest the seizure and sale. *Id.*, 12-1304, pp. 7-8, 113 So.3d at 359-60. According to Swafford, because he, unlike the debtor in *Countrywide Home Loans*, attempted to enjoin the seizure and sale and unsuccessfully appealed the order of seizure and sale, the order is not final for res judicata purposes.

Swafford's argument presents a distinction without a difference. Following the denial of Swafford's attempted injunction of the seizure and sale and the dismissal of Swafford's appeal in the executory process lawsuit, the order of seizure and sale became final for purposes of res judicata. To hold otherwise would contravene the intent of the doctrine of res judicata, which "promotes judicial efficiency and final resolution of disputes." *Johnson v. Orleans Par. Sch. Bd.*, 14-0277, p. 9 (La. App. 4 Cir. 4/26/17), 219 So.3d 452, 462 (quoting *Ave. Plaza, L.L.C. v. Falgoust*, 96-0173, p. 4 (La. 7/2/96), 676 So.2d 1077, 1079).

Additionally, I would find that the remaining elements necessary to dismiss an action for res judicata are present. As to the first element, the order of seizure and sale was a valid judgment. The court in the executory process lawsuit possessed jurisdiction over both the subject matter and parties, and the order of seizure and sale was rendered after proper notice was given. *See Burguieres v. Pollingue*, 02-1385, p. 8 (La. 2/25/03), 843 So. 2d 1049, 1053. Regarding the third element, Swafford and Graystar were both parties to the order of seizure and sale and the instant action. Turning to the fourth element, the cause of action stated in the instant lawsuit existed, and was unsuccessfully pursued, at the time of the executory process lawsuit. Lastly, the cause of action asserted here arose out of the same occurrence that was the subject matter of the executory process lawsuit, namely, Swafford's default on the promissory note held by Graystar.

Accordingly, I would affirm the trial court's judgment sustaining Graystar's peremptory exception of res judicata. For these reasons, I respectfully concur.