| GREGORY SWAFFORD | * | NO. 2021-CA-0200 |
| FAMILY TRUST | | |
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| GRAYSTAR MORTGAGE, | | FOURTH CIRCUIT |
| LLC, JB 430 HOLDINGS LLC, | * | |
| AND THE HONORABLE | | STATE OF LOUISIANA |
| MARLIN H. GUSMAN IN THIS | * * * * * * * | |
| OFFICIAL CAPACITY AS THE | | |
| ORLEANS PARISH SHERIFF | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-10896, DIVISION "J"
Honorable D. Nicole Sheppard,
* * * * * *
**Judge Edwin A. Lombard**
* * * * * *

**ON REMAND FROM THE SUPREME COURT**

(Court composed of Judge Edwin A. Lombard, Judge Roland L. Belsome, Judge
Rosemary Ledet)

Gregory Swafford
ATTORNEY AT LAW
4734 Franklin Avenue
New Orleans, LA 70122-6112

    COUNSEL FOR PLAINTIFF/APPELLANT

C. Michael Pfister, Jr.
Andrew D. Weinstock
DUPLASS ZWAIN BOURGEOIS PFISTER & WEINSTOCK
3838 North Causeway Blvd., Suite 2900
Metairie, LA 70002

    COUNSEL FOR DEFENDANT/APPELLEE, JB 430 HOLDINGS, LLC

Steven A. Watts
LAW OFFICE OF STEVEN A. WATTS, LLC
3925 N. I-10 Service Rd., Suite 230
Metairie, LA 70002

    COUNSEL FOR DEFENDANT/APPELLEE, GRAYSTAR MORTGAGE,
    L.L.C.

              **AFFIRMED**
          **MARCH 21, 2022**

On remand from the Louisiana Supreme Court, *Swafford v. Graystar,* 2022-0059 (La. S.Ct. 3/15/2022), we consider the merits of the appeal filed by the Gregory Swafford Family Trust ("Swafford") and, after *de novo* review in light of the applicable law, confirm the district court judgment of September 8, 2020, sustaining the peremptory exception of *res judicata* filed by Graystar Mortgage, LLC ("Graystar") and dismissing Swafford's petition for injunctive relief.

***Relevant Facts and Procedural History***

This matter originated in in 2018 as an executory proceeding in Orleans Parish Civil District Court wherein Graystar obtained a Writ of Seizure and Sale ordering the Civil Sheriff of Orleans Parish to seize and sell the property located at 4734 Franklin Avenue due to the Swafford's failure to make payments under the terms of a promissory note secured by a collateral mortgage on the property, to provide proof of insurance, and to pay property taxes. The actual sale was delayed by litigation but in July 2019, the property was purchased by JB 430 Holdings, LLC. ("JB 430"). The Sheriff's Sale Deed was recorded on September 22, 2020.

After unsuccessfully filing a petition to annul the sale of the property, Swafford filed the instant lawsuit on October 16, 2019, naming as defendants

1

Graystar, JB 430, and Marlin Gusman in his capacity as the Sheriff of Orleans Parish ("Sheriff Gusman"). In addition, Swafford sought a temporary restraining order (TRO) and injunctive relief to prevent Sheriff Gusman from recording the sale.

On October 22, 2019, Graystar responded, filing a motion to dissolve the TRO and a peremptory exception of *res judicata*, asserting that the July 2019 district court judgment that the executory process was not defective and the sale could proceed excluded Swafford from litigating the issue again.

After a hearing on November 14, 2019, the district court issued a judgment on December 18, 2019, maintaining Graystar's exception of *res judicata* and dismissing with prejudice Swafford's petition for injunctive relief.

On January 1, 2020, Swafford filed a motion for a new trial.

On January 22, 2020, JB 430 filed its opposition to Swafford's motion for a new trial, as well as motions to compel inspection of the property and for Swafford to vacate the property, for Swafford to post security, and for sanctions. After a contradictory hearing on September 8, 2020, the district court ruled orally,[1] denying Swafford's motion for a new trial, granting JB 430's motion to compel and ordering Swafford to allow inspection of the property and vacate the premises by September 15, 2020.[2]

Swafford did not comply. Instead, on September 22, 2020,[3] Swafford filed a motion to set aside the district court judgment of September 8, 2020 (denying

---

[1] The written judgment was signed on October 1, 2020.
[2] The district court held that the motion to compel Swafford to post security was moot and deferred the motion for sanctions.
[3] That same date, the Sheriff's Sale Deed transferring the property to JB 430 was recorded

2

Swafford's motion for a new trial), a notice of intent to file a writ application, and a request for a stay.

On October 1, 2020, the district court denied Swafford's motion to set aside the judgment of September 8, 2020, granted Swafford thirty days (until October 30, 2020) to file a writ application for review of the judgment, and denied Swafford's request for a stay of the orders to inspect and vacate pending this court's decision in the matter. On October 21, 2020, Swafford filed its writ application, requesting expedited consideration, seeking review of the district court's denial of its motion to set aside the judgment and granting JB430's motion to compel. That same day (October 21, 2020), this court denied Swafford's writ application. Meanwhile, on October 19, 2020, Swafford filed its motion and order for a suspensive appeal from the district court judgment of December 18, 2019, wherein the district court once again maintain Graystar's exception of *res judicata* and dismissed with prejudice Swafford's petition for injunctive relief with regard to the property located at 4734 Franklin Avenue in New Orleans.

*Discussion*

The district court judgment of September 8, 2020 judgment, which included the ruling sustaining the peremptory exception of *res judicata* filed by Graystar and dismissing Swafford's petition for injunctive relief was a final, appealable judgment. *See* La. Code Civ. Proc. art. 1915(A)(1); *see also White v. Cox Operating, LLC*, 16-0901, pp. 3-4 (La. App. 4 Cir. 4/5/17), 229 So.3d 534, 537-38 (observing that a judgment granting a defendant's exception of res judicata and dismissing a plaintiff's claims is a final, appealable judgment, notwithstanding a pending reconventional demand). Swafford's filing of a supervisory writ application neither forestalled the finality of the trial court's judgment nor

3

postponed the deadline to file a motion for appeal.[4] *See Johnson v. Montero,* 17-0274, p. 1 (La. App. 4 Cir. 3/29/17), 215 So. 3d 479, 481 (observing that the appellate court has jurisdiction over a district court judgment despite a pending supervisory writ application seeking review of same judgment).

Reaching the substantive merits of Swafford's appeal, we find no error in the district court judgment sustaining Graystar's peremptory exception of *res judicata*. In *Countrywide Home Loans Servicing, LP v. Thomas*, 12-1304 (La. App. 4 Cir. 3/20/13), 113 So.3d 355, this court set forth the following elements necessary to dismiss an action on the basis of *res judicata*:

> (1) the judgment in the executory process lawsuit is valid;
> (2) the judgment is final;
> (3) the parties are the same;
> (4) the cause or causes of action asserted in the present suit existed at the time of the final judgment; and
> (5) the cause or causes of action asserted in the present petition arose out of the transaction or occurrence that was the subject matter of the executory process lawsuit.

*Id.*, 12-1304, p. 7, 113 So.3d at 359 (quoting *Regions Bank v. Rauch*, 12-0232, p. 3 (La. App. 1 Cir. 12/21/12), 2012 WL 6677790 (*unpub.*)).

Swafford only disputes the existence of the second of these elements, arguing that the judgment in the executory process lawsuit is not final because he pursued an unsuccessful injunction of the seizure and sale and an appeal of the order of seizure and sale, which was dismissed as abandoned. In support, Swafford points to *dicta* in *Countrywide Home Loans*, in which the court, in its conclusion that the order of seizure and sale was a final judgment, observed that the debtor had neither appealed the order nor filed an injunction to arrest the seizure and sale.

---

[4] The district court's interlocutory rulings ordered that Swafford permit inspection of the subject property and vacate it within one week of the trial court's ruling. Any complaints as to these orders became moot by the time Swafford's appeal was filed.

4

*Id.*, 12-1304, pp. 7-8, 113 So.3d at 359-60. According to Swafford, because he, unlike the debtor in *Countrywide Home Loans*, attempted to enjoin the seizure and sale and unsuccessfully appealed the order of seizure and sale, the order is not final for res judicata purposes.

As Judge Ledet observed in her original concurrence in this matter, Swafford's argument presents a distinction without a difference. Following the denial of Swafford's attempted injunction of the seizure and sale and the dismissal of Swafford's appeal in the executory process lawsuit, the order of seizure and sale became final for purposes of *res judicata*. To hold otherwise would contravene the intent of the doctrine of *res judicata*, which "promotes judicial efficiency and final resolution of disputes." *Johnson v. Orleans Par. Sch. Bd.*, 14-0277, p. 9 (La. App. 4 Cir. 4/26/17), 219 So.3d 452, 462 (quoting *Ave. Plaza, L.L.C. v. Falgoust*, 96-0173, p. 4 (La. 7/2/96), 676 So.2d 1077, 1079).

Moreover, the remaining elements necessary to dismiss an action for *res judicata* are present in this case: Pursuant to the first element, the order of seizure and sale was a valid judgment. The district court in the executory process lawsuit possessed jurisdiction over both the subject matter and parties, and the order of seizure and sale was rendered after proper notice was given. *See Burguieres v. Pollingue*, 02-1385, p. 8 (La. 2/25/03), 843 So. 2d 1049, 1053. Regarding the third element, Swafford and Graystar were both parties to the order of seizure and sale and the instant action. Turning to the fourth element, the cause of action stated in the instant lawsuit existed, and was unsuccessfully pursued, at the time of the executory process lawsuit. Finally, the cause of action asserted here arose out of the same occurrence that was the subject matter of the executory process lawsuit, namely, Swafford's default on the promissory note held by Graystar.

5

*Conclusion*

The district court judgment sustaining Graystar's peremptory exception of *res judicata* is affirmed.

**AFFIRMED**