KB REAL ESTATE          *       NO. 2023-C-0472
INVESTMENTS, LLC

                           *

VERSUS                   COURT OF APPEAL

                           *

LOAN FUNDER LLC SERIES,     FOURTH CIRCUIT
ET AL.                     *

                      STATE OF LOUISIANA

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-05526, DIVISION "C"
Honorable Sidney H. Cates, Judge
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Sandra Cabrina Jenkins, Judge Karen K. Herman)

**LOBRANO, J., CONCURS IN THE RESULT**

Kyle S. Sclafani
THE LAW OFFICE OF KYLE S. SCLAFANI
4130 Canal Street
New Orleans, Louisiana 70119

      COUNSEL FOR RELATORS

Andre Robinson
LAW OFFICES OF ANDRE D. ROBINSON
1425 N. Broad Street, Suite 201
New Orleans, Louisiana 70119

Benny Council
THE COUNCIL LAW FIRM
419 S. Salcedo Street, Suite 2
New Orleans, Louisiana 70119

      COUNSEL FOR RESPONDENTS

           **WRIT GRANTED, IN PART; WRIT DENIED, IN PART**

              **OCTOBER 11, 2023**

*SCJ*
*KKH*

Relators, Loan Funder LLC, HOF I Grantor Trust 5, Loan Funder, LLC Series 17639, Loan Funder, LLC Series 17643, Loan Funder, LLC Series 17685, and Loan Funder, LLC Series 19554, seek review of the trial court's June 29, 2023 judgment denying the relators' petition to cancel lien and for writ of mandamus.[1]

This matter involves four notices of *lis pendens* filed in the public record. Relators contend KB Real Estate Investments, LLC, respondent, filed a petition for damages that does not affect title to immovable property and utilized that petition as the basis of notices of *lis pendens*. Relators sought to have the notices of *lis pendens* canceled. The trial court denied the relators' petition to cancel lien and for writ of mandamus.

For the following reasons, we grant relators' writ, in part, finding that the trial court erred in denying the petition to cancel lien as to two of the properties. As to the remaining two properties, we find no error in the trial court's denial of the petition to cancel lien, and we deny relief.

---

[1] Relators contend the petition for damages improperly identified the relators as "Loan Funder LLC Series" and not by the proper, individual LLC names. The first amended petition for damages utilizes the correct, individual LLC names.

1

# FACTUAL BACKGROUND

KB Real Estate Investments, LLC and Kevin Bailey (collectively, respondents) filed a petition for damages alleging they entered into five separate mortgage agreements with relators acting as brokers. The petition asserted the mortgages encumbered 1572-74 N. Rocheblave Street, 2322-24 Lapeyrouse Street, 2326-28 Lapeyrouse Street, 2332 Lapeyrouse Street, and 2336-38 Lapeyrouse Street. Respondents averred that they intended to purchase and renovate the properties in order to "flip" the properties. Hence, the terms of each mortgage was for one year and contained an amount for respondents to use for purposes of renovating each property. The petition claimed respondents were advised to not make the monthly mortgage by Realty Capital Finance, LLC, and that the renovation funds were withheld. The petition noted defendants attempted to foreclose on at least one of the properties but stopped the foreclosure due to the complexity of the transactions. The petition asserted that the seller, Hardship Properties, LLC, instituted a criminal investigation into defendants. The petition asserted claims for breach of contract/promissory note, nonpecuniary damages, detrimental reliance, and negligence.

Respondents then filed a first amended petition for damages, referencing several other mortgages and properties. The first amended petition sets forth additional causes of action, including, but not limited to, fraud, intentional/negligent misrepresentation, and wrongful foreclosure.

In response, relators filed a petition to cancel lien and for writ of mandamus, contending that respondents filed four improper notices of *lis pendens* in the mortgage records for 2322-24 Lapeyrouse St., 2326-28 Lapeyrouse St., 2332

2

Lapeyrouse St., and 2336-38 Lapeyrouse St. Relators asserted they filed individual petitions to foreclose on those properties and respondents did not appear or raise any defenses. Relators noted that after the seizure of 2322-24 Lapeyrouse St., Loan Funder 17643 obtained a sheriff's deed by credit-bid that was recorded. In addition, relators noted that, after the seizure of 2326-28 Lapeyrouse St., HOF I Grantor Trust 5 obtained a sheriff's deed by credit-bid that was recorded. And, as to the properties located at 2332 and 2336-38 Lapeyrouse St., relators assert that the Sheriff has seized the properties but they have not been sold. Relators contended that respondents did not assert a cause of action for ownership or possession. Thus, relators argued *lis pendens* was not proper.

Attached to their petition to cancel lien, relators included several exhibits, which were admitted into evidence. Notably, relators attached the sheriff's sale deed issued to HOF I Grantor Trust 5 for the property located at 2326-28 Lapeyrouse St., following the seizure and sale of the property, along with the document recordation information sheet indicating the sheriff's sale deed was recorded July 14, 2022. Relators also attached the sheriff's sale deed issued to Loan Funder, LLC Series 17643 for the property located at 2322-24 Lapeyrouse St., following the seizure and sale of the property, along with the document recordation information sheet indicating the sheriff's sale deed was recorded July 14, 2022.

Relators also attached the affidavit of service executed by counsel for relators. The affidavit averred the attached letter was sent by counsel for relators to counsel for respondents. The March 15, 2023 letter requested counsel for the respondents cancel the notices of *lis pendens*. The relators also included the certified mail tracking number.

3

Respondents filed an opposition to relators' petition to cancel lien and for writ of mandamus. In their opposition, respondents admitted the main claim is for wrongful foreclosure; they averred they still had tenants in the properties and were seeking to get the properties restored to their names; and they claimed the pending litigation affected their property and title rights.

The trial court held a hearing on April 27, 2023. At the close of the hearing, the trial court rendered an oral ruling denying the relators' petition to cancel liens and for writ of mandamus. On June 29, 2023, the trial court issued a judgment denying the petition to cancel lien and for writ of mandamus.

Relators' filed a timely writ seeking review of the trial court's June 29, 2023 judgment.

**DISCUSSION**

This Court reviews a trial court's findings of fact in a mandamus proceeding under the manifest error standard of review. *Cent. St. Matthew United Church of Christ v. Atkins*, 2018-0823, p. 6 (La. App. 4 Cir. 1/30/19), 264 So.3d 1243, 1248. This Court further noted the purpose of a notice of *lis pendens* is to provide notice to third persons of the pendency of an action affecting immovable property. *Cent. St. Matthew United Church of Christ,* 2018-0823, p. 6, 264 So.3d at 1248 (*citing Campbell v. Melton*, 2001-2578, p.5, n.4 (La. 5/14/02), 817 So.2d 69, 74).

The pertinent provision of law specifies:

[t]he pendency of an action or proceeding in any court, state or federal, in this state affecting the title to, or asserting a mortgage or privilege on, immovable property does not constitute notice to a third person not a party thereto unless a notice of the pendency of the action or proceeding is made, and filed or recorded, as required by Article 3752.

4

La. C.C.P. art. 3571. This Court has held that, under the clear terms of Article 3571, a notice of *lis pendens* has effect "where an action (1) affects title to immovable property; (2) asserts a mortgage on immovable property; or (3) asserts a privilege on immovable property." *Cent. St. Matthew United Church of Christ*, p.7, 264 So.3d at 1248.

A party asserting that a filing in the mortgage records is improper may seek to compel the cancellation of the improper filing. La. R.S. 44:114 authorizes an action against the recorder of mortgages to "compel the cancellation from the records of any instrument or document authorized or permitted to be cancelled," and to "cancel from the records any improperly recorded instrument or document." La. R.S. 44:114(2) and (3). To accomplish the cancellation, the party may seek a writ of mandamus, defined as "a writ directing a public officer ... to perform any of the duties set forth in Articles 3863 and 3864." La. C.C.P. art. 3861. In *Cent. St. Matthew United Church of Christ*, p.8, 264 So.3d at 1249, this Court indicated "a writ of mandamus is the appropriate means by which to obtain the removal of a lien improperly recorded in the mortgage records," (*citing Gootee Const., Inc. v. Atkins*, 2015-0376, p. 4, (La. App. 4 Cir. 11/4/15)178 So.3d 629, 632; *Klein v. Recorder of Mortgages for Orleans Par.*, 430 So.2d 1047, 1050 (La. App. 4 Cir. 1983)).

Properties seized and sheriff's sale deeds issued: 2326-28 Lapeyrouse St. and 2322-24 Lapeyrouse St.

Relators contend there is no action affecting the title to, or asserting a mortgage or privilege on, the properties located at 2326-28 Lapeyrouse St. and 2322-24 Lapeyrouse St. Relators aver the property was seized and obtained by the credit-bid of the respective mortgage lenders: HOF I Grantor Trust 5, for the

5

property located at 2326-28 Lapeyrouse St.; and Loan Funder, LLC Series 17643, for the property located at 2322-24 Lapeyrouse St. As evidence, relators attached the sheriff's sale deeds for those properties. Relators suggest that, if there was a wrongful seizure, respondents would be entitled to monetary damages and not a reversal of the foreclosure proceedings.

In support, relators cite *Cent. St. Matthew United Church of Christ, supra.* Relators note in that case, this Court determined where the party filing a notice of *lis pendens* failed to assert any claim to a right, title, or interest in the properties, the party lacked the right to file a notice of *lis pendens*. *Cent. St. Matthew United Church of Christ*, p.10, 264 So.3d at 1250. This Court affirmed the trial court's judgment granting the mandamus and ordering the cancelation of the notice of *lis pendens*. *Id.*, p.11, 264 So.3d at 1250.

In opposition, respondents also cited *Cent. St. Matthew United Church of Christ.* Respondents averred the petition and first amended petition alleged the wrongful foreclosure of the properties. Respondents contended they were seeking to have the properties restored to their name. Respondents claimed that relators were seeking to sell the property in an attempt to avoid litigation and hide behind alter egos to avoid accountability.

There are two methods to raise defenses and procedural objections to executory process: injunction or suspensive appeal. *See* La. C.C.P. art. 2642(A)("defenses and procedural objections to an executory proceeding may be asserted either through an injunction proceeding to arrest the seizure and sale . . . or a suspensive appeal from the order directing the issuance of the writ of seizure and sale, or both;") and *Countrywide Home Loans Servicing, LP v. Thomas*, 2012-1304, p.6 (La. App. 4 Cir. 3/20/13), 113 So.3d 355, 359 (*citing Reed v. Meaux*, 292

6

So.2d 557 (La. 1974))(wherein this Court indicated the two methods to raise defenses or procedural objections to executory process or by an injunction or suspensive appeal).

Indeed, once a foreclosure proceeding has been instituted, a defendant therein,

> may arrest the seizure and sale of the property by injunction when the debt secured by the security interest, mortgage, or privilege is extinguished, or is legally unenforceable, or if the procedure required by law for an executory proceeding has not been followed.

La. C.C.P. art. 2751.

In this instance, the record does not reflect respondents filed for injunctive relief to arrest the seizure and sale of the two properties. Further, the record does not reflect respondents filed a motion for suspensive appeal of the judgments ordering the seizure and sale of the two properties. Thus, the judgments ordering the seizure and sale of 2326-28 Lapeyrouse St. and 2322-24 Lapeyrouse St. are final. *See Countrywide Home Loans Servicing, LP*, 2012-1304, p.6, 113 So.3d at 359 (wherein this Court determined the judgment ordering the seizure and sale of property was final as the debtor did not appeal).

Respondents cited no provision of law that would allow the foreclosure proceeding resulting in the sale of the property to be reversed by the filing of a petition for damages, *i.e.*, for respondents to reclaim ownership of, or title to, the property.[2] Significantly, the petition and the first amended petition lack a claim of

---

[2] Indeed, such an action is arguably barred by law as the sale has been recorded in the conveyance records. The pertinent provision states:

> [n]o action may be instituted to set aside or annul the judicial sale of immovable property by executory process by reason of any objection to form or procedure in the executory proceedings, or by reason of the lack of authentic evidence to support the order and seizure, where the sheriff executing the foreclosure has

7

ownership or title to 2326-28 Lapeyrouse St. and 2322-24 Lapeyrouse St. Rather, the petition asserted claims for breach of contract/promissory note, nonpecuniary damages, detrimental reliance, and negligence. The first amended petition sets forth additional causes of action, including, but not limited to, fraud, intentional/negligent misrepresentation, and wrongful foreclosure. The causes asserted and relief sought in the petition and amended petition do not affect title to 2326-28 Lapeyrouse St. and 2322-24 Lapeyrouse St.

Based on our review of this record and the applicable law, we find relators were entitled to have the notices of *lis pendens* canceled. Thus, the trial court erred in denying the petition to cancel lien and for writ of mandamus as to the properties located at 2326-28 Lapeyrouse St. and 2322-24 Lapeyrouse St.

2332 Lapeyrouse St. and 2336-38 Lapeyrouse St.

Notably, relators admit the Sheriff has seized these properties but that the properties have not been sold. Thus, respondents remain the title owners. Further, relators acknowledge respondents filed a petition for injunctive relief. While the petition for injunctive relief has not been ruled on, these properties stand in a different situation than the two properties previously discussed. The ownership of 2332 Lapeyrouse St. and 2336-38 Lapeyrouse St. has not transferred from respondents to the respective mortgage lender or other third party purchaser. Considering the petition, the first amended petition, and the admission of the existence of the petition for injunctive relief by relators, we find that the litigation arguably affects the ownership of, or title to, these properties and respondents

---

either filed the *proces verbal* of the sale or filed the sale for recordation in the conveyance records of the parish.

La. R.S. 13:4112.

8

possessed the right to file the notices of *lis pendens*. Accordingly, we find no error in the trial court's denial of the petition to cancel lien and for writ of mandamus as to 2332 Lapeyrouse St. and 2336-38 Lapeyrouse St.

## CONCLUSION

For the foregoing reasons, we grant relators' writ, in part, we reverse the trial court's judgment, in part, and we grant the petition to cancel lien as to the properties located at 2326-28 Lapeyrouse St. and 2322-24 Lapeyrouse St. In all other respects, relators' writ is denied.

**WRIT GRANTED, IN PART; WRIT DENIED, IN PART**