NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2024 CA 0156

LOREN BALTHAZOR

VERSUS

STATE OF LOUISIANA THROUGH THE LA DEPARTMENT OF
PUBLIC SAFETY AND LOUISIANA OFFICE OF MOTOR
VEHICLES AND STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

*DATE OF JUDGMENT:*     DEC 0 6 2024

ON APPEAL FROM THE NINETEENTH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA
NUMBER C722226, SECTION 22

HONORABLE BEAU HIGGINBOTHAM, JUDGE

* * * * * *

| | |
|---|---|
| W. Michael Stemmans<br>M. Todd Alley<br>Michael J. Taffaro<br>Jennifer E. Frederickson<br>Baton Rouge, Louisiana | Counsel for Plaintiff-Appellant<br>Loren Balthazor |
| Liz Murrill<br>Attorney General<br>Joseph Thigpen<br>Assistant Attorney General<br>Baton Rouge, Louisiana<br>Jeannie C. Prudhomme<br>Assistant Attorney General<br>Lafayette, Louisiana | Counsel for Defendant-Appellee<br>State of Louisiana, through the<br>Louisiana Department of Public<br>Safety and Louisiana Office of Motor<br>Vehicles |

* * * * * *

BEFORE: THERIOT, CHUTZ, AND HESTER, JJ.

Disposition: AFFIRMED.

**Chutz, J.**

Plaintiff, Loren Balthazor, appeals a district court judgment dismissing, with prejudice, his claims against one of the defendants in this action on the grounds of prescription. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

On January 26, 2021, plaintiff purchased a 2016 Chevrolet Silverado from State Farm Mutual Automobile Insurance Company (State Farm) at a public auction for $37,847.45. According to plaintiff, State Farm had obtained title to the Silverado following an insurance settlement. Prior to the auction, State Farm requested the State of Louisiana, through the Department of Public Safety, Office of Motor Vehicles (OMV), issue a certificate of destruction[1] on the Silverado due to water damage to the vehicle's powertrain, computer, and electrical system. On December 15, 2020, a certificate of destruction was issued on the Silverado. Under La. R.S. 32:707.3(C)(1), "no motor vehicle for which a certificate of destruction has been issued shall be later ... titled or registered by [OMV] for use on the roads or highways of this state.[2]"

After purchasing the vehicle in January 2021, plaintiff expended money on new tires and repairs for the vehicle. He also requested that OMV rescind the certificate of destruction and issue an unrestricted title of ownership to him. OMV refused his request.

---

[1] A "certificate of destruction" is "a type of certificate of title issued by the office of motor vehicles for a 'water-damaged vehicle' ... whose power train, computer, or electrical system has been damaged by flooding as the result of a gubernatorially declared disaster or emergency and that is a 'total loss' as defined in this Section." La. R.S. 32:702(A)(5).

[2] Further, La. R.S. 32:707.3(C)(2) provides: "Notwithstanding any other law to the contrary, no motor vehicle which has been issued a certificate of destruction shall be resold as a retail unit, and such vehicle shall be dismantled, sold for any usable parts, or crushed." The propriety of State Farm's sale of the vehicle to plaintiff is not a matter before us in this appeal.

2

On August 12, 2022, over eighteen months after purchasing the vehicle, plaintiff filed suit naming OMV as a defendant.[3] Plaintiff alleged OMV improperly issued the certificate of destruction without adequate documentation to support its issuance. He asserted the documents State Farm provided to OMV did not demonstrate the extent of the damage to the vehicle and were not witnessed or notarized. According to plaintiff, the vehicle had sustained only minor hail damage, rather than the extensive damage claimed by State Farm. In his prayer for relief, plaintiff requested the certificate of destruction be voided and an unrestricted title to the vehicle be issued to him, and he be awarded damages and attorney fees.

After filing an answer generally denying plaintiff's allegations, OMV filed a peremptory exception raising the objections of prescription and no cause of action, as well as a dilatory exception raising the objection of vagueness.[4] OMV asserted plaintiff's negligence claim was prescribed because it was not filed within the applicable one-year prescriptive period provided by former La. C.C. art. 3492.[5]

Following a hearing, the district court overruled OMV's exceptions of no cause of action and vagueness and sustained OMV's exception of prescription. On October 10, 2022, the district court signed a judgment in accordance with its oral rulings and dismissed plaintiff's claims, with prejudice, on the basis of prescription. Plaintiff appeals, arguing in two assignments of error that the district court erred in

---

[3] State Farm was also named as a defendant but is not a party to this appeal.

[4] OMV alleged plaintiff's negligence claim and request to void the certification of destruction was barred by La. R.S. 32:707.3(C)(1), which prohibits OMV from retitling a vehicle for road use once a certificate of destruction has been issued on the vehicle. Accordingly, OMV argued plaintiff's petition fails to state a valid cause of action. OMV also argued plaintiff's petition was impermissibly vague in requesting attorney fees without stating any contractual or statutory basis for their recovery.

[5] Louisiana Civil Code article 3492 was repealed by La. Acts 2024, No. 423, §2. Section 3 of Act 423 provided it was to be given prospective application only to actions arising after its effective date, which was July 1, 2024. Accordingly, former La. C.C. art. 3492 is applicable to the instant action. Louisiana Civil Code articles 3493.1 and 3493.2 now provide a two-year prescriptive period for delictual actions.

finding his suit was prescribed and in failing to afford him an opportunity to amend his petition.

## DISCUSSION

Plaintiff argues the district court erred in finding the one-year prescriptive period provided by former La. C.C. art. 3492 for delictual actions was applicable. He contends this action is a personal action subject to a ten-year prescriptive period under La. C.C. art. 3499. Further, based on OMV's continuing refusal to void the certificate of destruction and to issue an unrestricted title to him, plaintiff argues prescription has not even commenced under the continuing tort doctrine. Plaintiff also contends the district court erred in failing to afford him an opportunity to amend his petition pursuant to La. C.C.P. art. 934.

The prescriptive period applicable to an action is determined by the character of the action disclosed in the pleadings. *Fishbein v. State ex rel. Louisiana State University Health Science Center*, 04-2482 (La. 4/12/05), 898 So.2d 1260, 1265. The underlying basis of plaintiff's claims is his allegation that OMV "improperly [issued] the Certificate of Destruction without adequate supporting documentation so as to form a basis for said Certificate." In his petition, plaintiff seeks damages and mandatory injunctive relief ordering OMV to void the certificate of destruction and to issue an unrestricted title to plaintiff.[6] Because all of plaintiff's claims arise from OMV's allegedly wrongful issuance of the certificate of destruction, this action is delictual in nature. As such, the one-year prescriptive period provided by former Article 3492 is applicable. Therefore, any action based on OMV's issuance of the

---

[6] Courts look beyond the caption, style, and form of pleadings to determine from the substance of the pleading the nature of the proceeding. *Garner v. Redwood Investment Company*, 22-1049 (La. App. 1st Cir. 7/31/23), 371 So.3d 528, 532. Although plaintiff does not style his action as one for mandatory injunctive relief, he specifically requested the district court order OMV to void the certificate of destruction and to issue him an unrestricted title. An order commanding a party to take specific action is a mandatory injunction. *City of New Orleans v. Board of Directors of Louisiana State Museum*, 98-1170 (La. 3/2/99), 739 So.2d 748, 756.

4

certificate of destruction prescribed one year from December 15, 2020, the date the certificate of destruction was issued. Plaintiff did not file the instant action until August 12, 2022, almost eighteen months after the act giving rise to the action. Given these facts, the district court properly sustained OMV's exception of prescription.

Furthermore, plaintiff's action is prescribed even assuming, *arguendo*, that prescription did not commence until plaintiff obtained knowledge of the certificate of destruction upon purchasing the vehicle on January 26, 2021. Well over a year elapsed after that date before plaintiff filed this action in August 2022. Further, we reject plaintiff's argument that prescription has not run because OMV's continued refusal to void the certificate of destruction and to issue him an unrestricted title is a continuing tort.

Under the continuing tort doctrine, where the cause of injury is a continuous one giving rise to successive damages, prescription does not begin to run until the conduct causing the damage is abated. ***Brecheen v. Skok***, 22-0624 (La. App. 1st Cir. 12/22/22), 367 So.3d 716, 719, writ denied, 23-00404 (La. 5/16/23), 360 So.3d 838. The focus of the continuing tort inquiry is a conduct-based one, asking whether the tortfeasor perpetuates the injury through overt, persistent, and ongoing acts. If the operating cause of the damage is discontinuous in nature, even if the damage is continuous, the continuing tort theory is inapplicable. ***Brecheen***, 367 So.3d at 719.

Plaintiff has neither alleged nor established the existence of a continuing tort. While plaintiff claims he is suffering continuous damage, he has not alleged a continuous or repetitive operating cause of such damage. Rather, the operating cause of the claimed damages was the issuance of the certificate of destruction in December 2020, which was a discrete act, discontinuous in nature. See ***Brecheen***, 367 So.3d at 719-20.

5

There is no merit in plaintiff's contention that OMV's continued refusal to void the certificate of destruction and to issue him an unrestricted title is a continuing tort. It is well-settled that the breach of the duty to right a wrong and make the plaintiff whole cannot be a continuing wrong that suspends the running of prescription, as that is the purpose of any lawsuit and the obligation of every tortfeasor. *Brecheen*, 367 So.3d at 720. Plaintiff's inability to obtain an unrestricted title from OMV in place of the certificate of destruction is merely a continuing effect of OMV's original act of issuing the certificate of destruction rather than an operating cause of his claimed damages.

Plaintiff also contends his demand for a declaration regarding whether the certificate of destruction should be voided is a personal action subject to a ten-year prescriptive period under La. C.C. art 3499. We disagree. First, despite plaintiff's claim that his petition sought a declaration regarding the nature of his movable property and whether the certificate of destruction should be voided, an examination of the petition reveals otherwise. Rather than seeking declaratory relief, plaintiff sought damages, as well as a judgment ordering OMV to void the certification of destruction and to issue an unrestricted title to him. Such a judgment constitutes mandatory injunctive relief rather than declaratory relief. See *City of New Orleans*, 739 So.2d at 756. Second, while the right to seek a declaratory judgment does not itself prescribe, the nature of the basic underlying action determines the appropriate prescriptive period. *Knox v. West Baton Rouge Credit, Inc.*, 08-1818 (La. App. 1st Cir. 3/27/09), 9 So.3d 1020, 1023; *Fishbein*, 898 So.2d at 1265. In this case, the underlying action was delictual in nature, subject to the one-year prescriptive period provided by former La. C.C. art. 3492. Therefore, even if plaintiff had sought declaratory relief herein, it also would have been subject to the same one-year prescriptive period.

6

Accordingly, we find the district court properly sustained OMV's exception of prescription and dismissed plaintiff's action against OMV. Additionally, we find no error in the district court not affording plaintiff an opportunity to amend his petition. Under La. C.C.P. art. 934, a party *shall* be given an opportunity to amend if the grounds of a peremptory exception may be removed by amendment of the petition. If the grounds for the exception cannot be removed, however, Article 934 provides the plaintiff's action *shall* be dismissed.

Plaintiff has given no indication of how he could cure or remove the grounds for the exception of prescription if given an opportunity to amend. He merely contends he should be given an opportunity to amend "to further address the prescription issue." Our review of plaintiff's petition reveals no manner in which he could amend the petition to remove the grounds for OMV's exception. Article 934 does not require that an opportunity to amend be afforded where the amendment would be a vain and useless act. *O'Brock v. White*, 18-1345 (La. App. 1st Cir. 4/12/19), 276 So.3d 178, 184, writ denied, 19-00750 (La. 10/15/19), 280 So.3d 599.

## CONCLUSION

For these reasons, the district court's October 10, 2022 judgment is affirmed. Plaintiff is to pay all costs of this appeal.

**AFFIRMED.**

7